# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00097-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RALPH DOUGLAS HUSBY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the case.

On August 8, 2018, the Defendant Ralph Douglas Husby was charged in a Bill of Indictment with one count of bank robbery by force and in so doing assault by use of a dangerous weapon, all in violation of 18 U.S.C. § 2113(a) and (d), and one count of possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 1]. The case is currently scheduled to proceed to a bench trial on March 17, 2020. The Defendant, who is 78 years old, is currently out on bond.

In anticipation of a bench trial, the parties have agreed upon a number of stipulation that the parties contend would support a finding that the

Defendant should be found not guilty by reason of insanity with respect to both counts of the Indictment. A point on which the parties cannot yet agree on, however, is whether in the event that the Court finds the Defendant not guilty by reason of insanity, any subsequent dangerousness evaluation should be done on an outpatient basis. If the evaluation has to be done inpatient, the Defendant will have to be taken into custody, which would require the Defendant, who is elderly, to leave his home (where he can isolate himself from the public and the potential spread of COVID-19) and potentially expose himself to a population of other detainees at a psychiatric facility.[1]

The Court has given the parties until March 27, 2020, to brief the issue of whether the Defendant's evaluation should be done on an inpatient or outpatient basis. The trial of this case will be rescheduled after the Court receives such briefing.

The Speedy Trial Act excludes from the time within which a defendant must be brought to trial "[a]ny period of delay resulting from the fact that the defendant is . . . physically unable to stand trial." 18 U.S.C.A. § 3161(h)(4).

---

[1] According to the Centers for Disease Control, older adults and people with severe underlying chronic medical conditions appear to be at higher risk for developing more serious complications from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/prepare/prevention.html (last visited March 17, 2020).

In light of the unusual circumstances described above, the Court finds that the Defendant is currently physically unable to stand trial, and thus this case must be continued. The Court further finds that failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendant's case is **CONTINUED** from its March 17, 2020 trial setting and will be reset at a later date.

**IT IS SO ORDERED.**

Signed: March 17, 2020

Martin Reidinger
United States District Judge