# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00097-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | <u>**ORDER**</u> |
| | ) | <u>**AND**</u> |
| vs. | ) | <u>**JUDGMENT OF ACQUITTAL**</u> |
| | ) | |
| **RALPH DOUGLAS HUSBY,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on receipt of the Forensic Mental Health Evaluation prepared by Dr. Miriam Kissin at the Federal Medical Center in Devens, Massachusetts, filed herein on April 20, 2021. [Doc. 90]. The Court conducted a hearing on this matter on June 17, 2021.

**I.  PROCEDURAL BACKGROUND**

On August 8, 2018, the Defendant Ralph Douglas Husby was charged in a Bill of Indictment with one count of bank robbery by force and in so doing assault by use of a dangerous weapon, all in violation of 18 U.S.C. § 2113(a) and (d), and one count of possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 1]. On August 31, 2020, the Court conducted a bench trial and, based upon the facts as stipulated by the parties, thereafter entered a Special

Verdict finding Mr. Husby not guilty only by reason of insanity as to all charges and allowing Mr. Husby to self-report to a facility, as designated by the Attorney General, for an evaluation pursuant to 18 § U.S.C. 4247(c)(4)(C). [Doc. 88]. The Attorney General designated the Federal Medical Center in Devens, Massachusetts ("FMC Devens") as a suitable facility for that evaluation, and the Defendant self-reported as instructed by the Court. On December 18, 2020, upon FMC Devens advising the evaluation was complete, the Court allowed the Defendant to be released under the same terms of release previously set by the Magistrate Judge. [Doc. 89].

On April 20, 2021, the Forensic Mental Health Evaluation was filed with the Court for the purpose of determining whether the Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, pursuant to 18 U.S.C. § 4247(c)(4)(C). [Doc. 90]. After considering various risk factors and mitigating factors, it is the opinion of Dr. Kissin that "given Mr. Husby's continued improved mental health, advanced age, and mitigate[ing] factors … his continued release to the community would not create a substantial risk of bodily injury to another person or

serious damage to property of another. As such, he is not recommended for civil commitment proceedings." [See Doc. 90 at 12].

On June 17, 2021, the Court held an uncontested hearing pursuant to 18 U.S.C. § 4243(d).

**II.   ANALYSIS**

Title 18 of the United States Code, Section 4243 establishes the procedures for the treatment of insane acquittees. Following the entry of a special verdict of not guilty only by reason of insanity, the Court is required to commit the defendant to a "suitable facility" for a psychiatric or psychological evaluation. 18 U.S.C. §§ 4243(a) and 4247(b). Thereafter, Court must then hold a hearing to determine whether the defendant can satisfy his burden[1] of proving that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. 18 U.S.C. §

---

[1] Section 4243(d) provides that where the defendant was charged with an offense involving bodily injury to or serious damage to the property of another person, or which involved a substantial risk of such injury or damage, the defendant must show that his or her release does not create a substantial risk of bodily injury or property damage by clear and convincing evidence. 18 U.S.C. § 4243(d). For any other offense, the standard is only a preponderance of the evidence. Id. Because the Court concludes that the offenses with which Mr. Husby was charged did involve a substantial risk of bodily injury to or serious damage to the property of another person, the clear and convincing standard will be applied in this case. See United States v. Jackson, 19 F.3d 1003, 1007 (5th Cir. 1994) (applying clear and convincing standard where defendant was found not guilty by reason of insanity of 18 U.S.C. §§ 2113(a) and (d), 924(c)(1) offenses).

3

4243(c),(d),(e). Section 4243(e) provides that if the Court "fails to find" that the defendant has met this burden, it shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4243(e). If the Court finds, however, that the defendant has satisfied this burden and has shown that his release does not pose a substantial risk of bodily injury to another person or serious damage to property of another, then the Court must order the defendant's unconditional release. See United States v. Baker, 155 F.3d 392, 395 (4th Cir .1998); see also United States v. Livesay, 600 F.3d 1248, 1251 (10th Cir.2010); United States v. Stewart, 452 F.3d 266, 270 (3d Cir.2006).

In the present case, it is the opinion of Dr. Kissin that Mr. Husby's severe major depressive disorder, with psychotic features, is in full remission and he has various protective factors which mitigate his overall risk for violence. [Doc. 90 at 9-11]. It is further the opinion of Dr. Kissin that Mr. Husby's continued release to the community would not create a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness. [Id. at 12]. Finally, Dr. Kissin does not recommend Mr. Husby for civil commitment proceedings. [Id.].

Upon review of the Forensic Mental Health Evaluation prepared by Dr. Kissin, as well as the prior psychiatric forensic evaluation prepared by Dr.

Johnson at the UNC School of Medicine, the Court finds and concludes that Mr. Husby has demonstrated by clear and convincing evidence that his release would not present a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect, and therefore, he should be released from all terms and conditions of supervision.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Defendant Ralph Douglas Husby is hereby **ACQUITTED** and **DISCHARGED** as to Counts One and Two of the Bill of Indictment, and any bond is hereby **EXONERATED.**

**IT IS FURTHER ORDERED** that the Defendant Ralph Douglas Husby shall be released immediately from all terms and conditions of supervision.

The Clerk of Court shall provide copies of this Order to counsel for the Government, counsel for the Defendant, and the United States Marshals Service. The Clerk is further instructed to close this action.

**IT IS SO ORDERED.**   Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge